## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| VIRGILIO MARIANO, and all<br>others similarly situated under<br>29 U.S.C. 216 (b),<br>Plaintiff, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | Cause No. |
| ALJEN ENTERPRISES, LLC d/b/a<br>AAMCO OF DALLAS<br>and RAHIM NATHOO<br>Defendants. | §<br>§<br>§<br>§ | |

---

### COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, VIRGILIO MARIANO, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants ALJEN ENTERPRISES, LLC d/b/a AAMCO OF DALLAS and RAHIM NATHOO and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff is a resident of Dallas County, Texas.

3. The Defendant ALJEN ENTERPRISES, LLC d/b/a AAMCO OF DALLAS is a company that regularly transacts business within Dallas County. Upon information and belief, the defendant company was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant RAHIM NATHOO is a corporate officer and/or owner and/or manager of ALJEN ENTERPRISES, LLC d/b/a AAMCO OF DALLAS (the "Defendant Company") who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore one of Plaintiff's joint employers

---

as defined by 29 U.S.C. § 203(d).

5. Acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed other similarly situated employees like the Plaintiff who have not been paid overtime for work as mechanics performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section 216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states, in pertinent part, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff, VIRGILIO MARIANO, worked for Defendants as a mechanic during three separate time periods.  First, from on or about January of 2011 through on or about October of 2012; second, from on or about January of 2014 through on or about April of 2014; and third, from on or about November 3, 2014 through on or about December 28, 2016.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled

and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

12. Upon information and belief, the Defendant Company's sales or business done is expected to exceed $500,000 for the year 2017.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.

14. During Plaintiff's first period of employment with Defendants, from on or about January of 2011 through on or about October of 2012, Plaintiff, VIRGILIO MARIANO, was to be paid a straight time hourly rate of $12.50 per hour and was to be paid overtime for hours worked above 40 hours in a work-week, as required by the Fair Labor Standards Act.  Plaintiff was not paid for all of the hours that he worked, moving automobiles at the beginning and end of the day, Plaintiff therefore claims the overtime rate for each unpaid overtime hour worked.

15. During Plaintiff's second period of employment with Defendants, from on or about January of 2014 through on or about April of 2014, Plaintiff, VIRGILIO MARIANO, was to be paid a straight time hourly rate of $15.00 per hour and was to be paid overtime for hours worked above 40 hours in a work-week, as required by the Fair Labor Standards Act. Plaintiff was

not paid for all of the hours that he worked, moving automobiles at the beginning and end of the day, Plaintiff therefore claims the overtime rate for each unpaid overtime hour worked.

16. During Plaintiff's third period of employment with Defendants, from on or about November 3, 2014 through on or about December 28, 2016, Plaintiff, VIRGILIO MARIANO, worked an average of 48 hours per week and was paid an average salary of $900.00 per week, resulting in an average hourly rate of $18.75 per hour but was not paid the extra half-time rate for any overtime hours worked above 40 hours as required by the Fair Labor Standards Act.  Plaintiff therefore claims the half-time overtime rate for each overtime hour worked.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these overtime wages that were not paid during the periods that he was employed by the Defendants.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's employment with Defendants, or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

By: /s/ Robert Manteuffel
    J.H. Zidell, Esq.
    Texas Bar No.: 24071840
    Email: zabogado@aol.com
    Robert L. Manteuffel
    State Bar No. 12957529
    Email: rlmanteuffel@sbcglobal.net
    Joshua A. Petersen
    Texas Bar No. 24085524
    Email: josh.a.petersen@gmail.com

**J.H. Zidell, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    (972) 233-2264
Fax:    (972) 386-7610